**Opinion filed June 11, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00291-CR
_____

### ARTURO XAVIER CORONA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause Nos. 17415, 18104, & 18188**

### M E M O R A N D U M   O P I N I O N

Appellant, Arturo Xavier Corona, was charged by separate indictments with bail jumping and failure to appear in a felony case on two occasions, both third-degree felonies, and possession of methamphetamine in an amount of less than one gram, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2025); TEX. PENAL CODE ANN. § 38.10(f) (West 2016). The State further alleged that Appellant had been previously finally convicted of multiple

felonies, which, if found to be true, increased the punishment ranges for each charged offense to the next highest degree. *See* PENAL § 12.42(a) (West Supp. 2025), § 12.425(a) (West 2019). In a consolidated proceeding, Appellant entered open pleas of guilty to all three offenses, then pled "true" to the enhancement allegations. The trial court accepted Appellant's pleas and, following a sentencing hearing, found Appellant guilty and the enhancement allegations to be "true." The trial court assessed Appellant's punishment at concurrent terms of imprisonment in the Institutional Division of the Texas Department of Criminal Justice for each conviction—seven years for the possession-of-methamphetamine conviction, and fifteen years each for the bail jumping and failure-to-appear convictions.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *Schulman*, 252 S.W.3d at 409–12, and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed

the record and likewise conclude that the appeal is without merit.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgments of the trial court.

W. STACY TROTTER
JUSTICE

June 11, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.